**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONOVAN PHIPPS,

          Petitioner-Appellant,

   v.

MIKE EVANS, *et al.*,

          Respondents-Appellees.

No. 09-15790

D.C. No. 07-CV-0087WBS-CHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Easter District of California
William B. Shubb, District Judge, Presiding

Submitted November 1, 2010[**]
San Francisco, California

Before:    HALL and THOMAS, Circuit Judges, and LASNIK,
          Chief District Judge.[***]

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

   [***]   The Honorable Robert S. Lasnik, Chief United States District Judge for the Western District of Washington, sitting by designation.

Donovan Phipps, an inmate in the California prison system, appeals from a final order of the United States District Court denying his petition for writ of habeas corpus. Phipps contends that his trial counsel was ineffective in a number of ways and seeks an evidentiary hearing at which he hopes to question counsel regarding his litigation choices to "flesh out" his claims.

Based on an independent but deferential review of the record (Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002)), it was not unreasonable for the state court to deny Phipps' ineffective assistance of counsel claim. Phipps has not shown that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "Our review of counsel's performance for constitutional deficiency 'must be highly deferential' and should include every effort 'to eliminate the distorting effects of hindsight[.]'" Earp v. Ornoski, 431 F.3d 1158, 1174 (9th Cir. 2005) (alteration in original) (quoting Strickland, 466 U.S. at 689).

While a second-degree murder conviction arising out of a vehicular accident is not the norm, the outcome of a trial does not determine whether defense counsel was "effective" or "ineffective." See Strickland, 466 U.S. at 689. The record

2

shows that defense counsel conducted a reasonable investigation and pursued a trial strategy based on the evidence presented by the eyewitnesses and medical professionals. The fact that Phipps, with the benefit of hindsight, wishes that other tactics had been attempted and/or other witnesses had been called does not establish a colorable claim for habeas relief under Strickland. The district court therefore did not abuse its discretion in denying the habeas petition without conducting an evidentiary hearing. See West v. Ryan, 608 F.3d 477, 490 (9th Cir. 2010).

**AFFIRMED.**